Shauck, J.
Counsel for the opposing parties seem now to be agreed upon the proposition, that we have before us a case which calls only for the application of the law to a state of facts determined by the concurrent testimony of all of the witnesses to all the material circumstances attending the death of the intestate of the defendant in error. Counsel for the company, by their motion made at the conclusion of the plaintiff’s evidence for a directed verdict in its favor, and a renewal of that motion after the introduction of the only witness called by it, have placed themselves in a position to insist that the case presented only a question of law. Their applications for a directed verdict being denied, complying with the ruling of the court, they requested the court to give to the jury certain familiar propositions of law respecting proximate cause and contributory negligence for their guidance in determining whether the company was liable or not. These were all refused. A verdict and judgment having *38 been rendered in favor of the original plaintiff, his counsel now insist that, although some of the instructions requested were undoubtedly sound propositions of law, their refusal does not constitute a ground for reversing the judgment, because upon the undisputed facts or, which is the same thing, upon the harmonious testimony of all the witnesses, the plaintiff was entitled to recover as a matter of law. Counsel agree that ordinarily questions of negligence, contributory negligence and proximate cause are mixed questions of law and fact to be determined by. the jury upon proper instructions, but that conform-ably to the rules laid down by this court in the Pennsylvania Company v. Rathgeb, 32 Ohio St., 66, and the Railway Company v. Liidtke, 69 Ohio St., 400, when all the material facts touching those questions are established without dispute in the testimony, the question becomes a question of law merely. This is but an application of the rule of obvious importance that the function of the jury being to determine issues of fact, when the facts are conclusively determined in a manner not affected by any error, nothing remains to be done but to apply the law to those facts, and that application' is a function of the court. And this is true at whatever stage of the progress of a case, or in whatever manner the material facts may be thus conclusively established, whether it be by the statements of counsel made for the purpose of the trial, or by the failure of the party upon whom the burden of proof rests to offer substantial evidence in favor of all the allegations which the issues require him to support, or by the concurrent testimony of all the witnesses, or *39 by an agreed statement of facts, or by a special verdict, or by the answer of juries to interrogatories. It is subversive of the public interests and promotive of no right of either party to continue a contest before a jury when nothing is involved but the application of the law to a state of facts conclusively established. We unite with counsel for both parties in the conclusion that this is such a case. The question for determination, therefore, is, whether the facts appearing upon the trial of the case show a right to recover or not.
Some recent refinements upon the law of proximate cause and contributory negligence have expanded - judicial opinions and aided, in filling the pages of text-books, but they do not seem to make the law clearer or its application more certain. There is no occasion to doubt, that by their arrangement for the joint use of the wooden pole, upon which the decedent received his fatal injury, for the purpose of carrying their wires, each company became charged, as to that use, with the same obligations to employes of the other company as to its own, and the employes of each company became charged with the correlative duty of exercising due care for their own protection with respect to both of the companies. Could there be a recovery in the present case if the decedent had been an employe of the plaintiff in error instead of the telephone company.? According to the testimony of all the witnesses, both as to the conditions existing at the time of the fatal injury and as to the operations of the electric current, it was indispensable that four distinct acts, all alleged to be negligent, should concur. They are, that the company attached *40 its guy wire to the pole at the point where it was in contact with a truss plate, thus grounding the guy wire; that its line wire was defectively insulated; that the'decedent placed his foot upon the guy wire instead of upon the stirrups, or steps,_ provided for that purpose, and that while in that position he brought- his hand in contact with the defectively insulated wire. If any one of these four conditions had been omitted, according to the testimony, the decedent would have received no injury. Assuming" the negligence of the company, both as to the manner of attaching the guy wire, and the maintaining of the defectively insulated line wire, would it naturally expect an injury of this character to result from those defective conditions if known to it, or if capable of being known by the exercise of ordinary care? All of these dangerous conditions were beyond the reach of the inexperienced members of the public, and where they might affect only those who were familiar with the surrounding conditions, or would be entitled to be informed respecting them if they were not so familiar. The decedent was an experienced lineman, and there is no suggestion that he needed to be informed as to the perils of his occupation.
■ The company is liable in the absence of contributory negligence for such consequences as would, in the exercise of ordinary foresight, be regarded as likely to result from ■ its negligence. In the exercise of such foresight would it have been foreseen that these conditions, inaccessible to persons not engaged in the dangerous occupation of maintaining the lines, might naturally lead to injury to those so engaged? The obvious and *41 known purpose of guy wires is to give stability to the poles to which they are attached. The obvious and known purpose of the stirrups or steps, with which this pole was supplied, was to furnish the means of ascent and descent to those who were charged with maintaining the lines. The presence and purpose of the stirrups were obvious and. were well known to the decedent, for not only was he experienced in his employment, but he had twice ascended and descended by them but a few minutes before the ascent upon which he received his fatal injury. ■ The contact of his hand with the wire carrying the fatal current seems to have occurred fortutiously while he was attempting to pass a hand rope over it, but a like observation can not be made with respect to his position upon the guy wire. However little he may have reflected upon the consequences which might result therefrom, he assumed that position purposely and unnecessarily. If his contact with the guy wire had resulted from accident, as by the giving way of a stirrup or other chance incident to the performance of his duty, important considerations, now absent, would have been introduced into the case. In view of the considerations actually presented, can it be said that the injury to the decedent was a consequence to be. anticipated in the exercise of ordinary foresight? Furthermore, observing how closely allied are the subjects of proximate cause and contributory negligence in cases of this character, and remembering that the doctrine of comparative negligence has never been applied in this state, can it be said that the decedent exercised due care for his own safety? Neither in brief nor record can we find sufficient reason *42 for an affirmative answer to either of these questions. They must be answered in the negative.
While the case presents an unusual state of facts, they are not, in legal aspect, without precedent. In Huber v. La Crosse City Railway Company, 92 Wis., 636, the right to recover was denied in a case depending upon the same considerations. This conclusion renders all other assignments of error immaterial, and none of them is considered. Judgment of general and special term reversed .and final judgment for plaintiff in error.

Judgment reversed.

Crew, C. J., Summers and Davis, JJ., concur.
Spear and Price, JJ., concur in'the judgment of reversal, but not in the final judgment: